IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALEXANDER HILTON RANDLES, )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>FEDERAL BUREAU OF INVESTIGATION, )<br>)<br>   Defendant. ) | CIV. A. NO. 22-0405-KD-MU |

## **REPORT AND RECOMMENDATION**

On January 3, 2023, Defendant United States, on behalf of its agency, the Federal Bureau of Investigation ("FBI"), filed a Motion to Dismiss Amended Complaint seeking dismissal without prejudice of Plaintiff's amended complaint for his failure to exhaust administrative remedies. (Doc. 15). This motion has been referred to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen. LR 72, for entry of a report and recommendation. For the reasons stated herein, the undersigned Magistrate Judge **RECOMMENDS** that Defendant's Motion to Dismiss Amended Complaint (Doc. 15) be **GRANTED** and that Plaintiff's amended complaint be **DISMISSED without prejudice.**

### **I. Summary of Proceedings**

By letter dated October 3, 2022, Plaintiff Alexander Hilton Randles submitted an SF 95 Claim for Damage, Injury or Death (SF-95) to the FBI. (Doc. 1-1, PageID. 6–9; Doc. 1-2, PageID. 10-11). Plaintiff's SF-95 refers to his demand letter, which alleges that the FBI violated a variety of statutes, including obstruction of justice (18 U.S.C. § 1510), alteration or destruction of documents (18 U.S.C. § 1519), and witness

tampering (18 U.S.C. § 1512). (Doc. 1-1, PageID. 6-7). On October 17, 2022, Plaintiff, proceeding *pro se*, filed his original complaint in this matter citing to the same statutory provisions as the basis for this Court's jurisdiction and alleging that the FBI violated those statutes. (Doc. 1, PageID. 3-4). The FBI acknowledges receiving Plaintiff's SF-95 on or about October 24, 2022. (Doc. 9, PageID. 44).

On December 12, 2022, the United States moved to dismiss the complaint because Plaintiff failed to present his claim to the FBI and either allow the FBI to deny his claim or allow six months to pass and because Plaintiff named the wrong entity as the defendant. (Doc. 9, PageID. 43-49). On December 14, 2022, Plaintiff responded to the United States' motion to dismiss and amended his complaint, conceding that the FBI was not a proper party to the case and substituting the United States as the defendant. (Doc. 12, PageID. 51-57; Doc. 13, PageID. 58-66). The United States filed a motion to dismiss the amended complaint, which is now the operative complaint, on January 3, 2023. Plaintiff filed a brief in opposition to the motion to dismiss, and the United States filed a reply brief. (Docs. 15, 17, 21).

## II. **Standard of Review**

The United States, on behalf of its agency, the FBI, brings this motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). As a threshold matter, the Court must construe Plaintiff's amended complaint liberally because he is a *pro se* litigant. *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). However, liberal construction has limits. The Eleventh Circuit has recognized, "'even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'"

*Campbell v. Air Jamica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)); *see also United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019) (reiterating the rule from *GJR Investments* regarding the limitations on re-interpretation of *pro se* pleadings).

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, this Court must dismiss a claim if it lacks subject matter jurisdiction over it. Fed. R. Civ. P. 12(b)(1). Generally, "[t]he burden for establishing federal subject matter jurisdiction rests with the party bringing the claim." *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). An attack on jurisdiction may be either facial or factual in nature. *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232-33 (11th Cir. 2008). A facial attack requires the Court to consult the face of the complaint to determine whether it has alleged an adequate basis for jurisdiction, and factual allegations in the complaint are treated as true. *Id.* In contrast, a factual attack challenges the existence of jurisdiction with material that extends beyond the pleadings. *Id.*

Pursuant to Rule 12(b)(6), a complaint is due to be dismissed if it fails to state a claim upon which the Court may grant relief. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a

3

claim to relief that is plausible on its face.'" (citation omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.... [This standard] asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557 (second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. In determining whether a claim is stated, the factual allegations are accepted as true, except for conclusory assertions or a recitation of a cause of action's elements, and the allegations must be considered in the light most favorable to the plaintiff. *See id.; Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997). In addition to the foregoing, "[a] complaint is subject to dismissal for failure to state a claim 'when its allegations, on their face, show that an affirmative defense bars recovery on the claim,'" *Douglas v. Yates,* 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting *Cottone v. Jenne,* 326 F.3d 1352, 1357 (11th Cir. 2003)), or "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action," *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

### III. Legal Analysis

While Plaintiff cured his failure to name the proper defendant by substituting the United States for "FBI of Mobile" in his amended complaint, he cannot cure his failure to exhaust his administrative remedy because he is required to present his claim to the

4

agency and either procure a claim denial or wait six months prior to filing a suit in this Court. He did not do so.

Because the doctrine of sovereign immunity bars suits against the United States without its consent, waiver of sovereign immunity must be expressed, not implied. *See United States v. Testan*, 424 U.S. 392, 399 (1976). Congress expressed a limited waiver of sovereign immunity for torts committed by the United States, or its agencies, in the Federal Torts Claim Act (FTCA). 28 U.S.C. § 1346(b). The FTCA sets forth specific requirements that must be met prior to a claimant filing a lawsuit against the United States. 28 U.S.C. § 2675(a). A condition of the waiver of sovereign immunity under the FTCA is that an action shall not be instituted upon a claim unless the claimant shall have first presented the claim to the appropriate Federal agency. *Id*. Under the FTCA, "the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C.S. § 2675(a). Additionally, "[t]he failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." *Id*.

"A district court only has jurisdiction over an FTCA action if the plaintiff has met section 2675(a)'s requirements." *Burchfield v. United States*, 168 F.3d 1252, 1254-55 (11th Cir. 1999) (citing *Bush v. United States*, 703 F.2d 491, 494 (11th Cir.1983)). Failure to comply with this provision deprives the court of jurisdiction. *Motta v. United States*, 717 F.3d 840, 843 (11th Cir. 2013); *Suarez v. United States*, 22 F.3d 1064, 1065 (11th Cir. 1994). Because the plain language of § 2675(a) requires that a claimant

*first* present his claim before an action can be instituted, a lawsuit cannot be a substitute for an administrative claim. *See McNeil v. United States*, 508 U.S. 106, 111-13 (1993).

Here, Plaintiff's SF-95 form is dated October 1, 2022 (Doc. 1-2, PageID.10) and his demand letter is dated October 3, 2022 (Doc. 1-1, PageID. 6). Based on his own documents, he could not have presented his claim to the FBI prior to October 1, 2022. Plaintiff fails to cite to a final denial of his claim by the FBI and six months has not passed since he presented his claim to the agency. Consequently, the Court finds that Plaintiff has failed to exhaust his administrative remedies because his administrative action has not yet been disposed of by the FBI, and therefore, the prerequisite to filing suit in this Court as required by 28 U.S.C. § 2675 has not been fulfilled. Accordingly, this Court lacks jurisdiction over the instant action.

## IV. Conclusion

Based on the forgoing, the undersigned Magistrate Judge **RECOMMENDS** that Defendant's Motion to Dismiss Amended Complaint (Doc. 15) be **GRANTED** and that Plaintiff's amended complaint be **DISMISSED without prejudice.**

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the

provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **27th** day of **February, 2023**.

s/P. BRADLEY MURRAY
UNITED STATES MAGISTRATE JUDGE