IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALEXANDER HILTON RANDLES,      ) | |
|     Plaintiff,      ) | |
|           ) | |
| v.      ) | CIVIL ACTION: 1:22-00405-KD-MU |
|           ) | |
| UNITED STATES,      ) | |
|     Defendants.      ) | |

**ORDER**

This matter is before the Court on *pro se* Plaintiff Alexander Hilton Randles (Randles)' Fed.R.Civ.P. Rule 59(e)[1] Motion to Amend the Order and Judgment (Docs. 30, 31) adopting the Report and Recommendation (Doc. 24) which dismissed his case. (Doc. 32).

**I.   Background**

This was an FTCA action. Specifically, Randles submitted an SF-95 form to the Federal Bureau of Investigation (FBI) (Claim for Damage, Injury or Death) on October 1, 2022 (Doc. 1-2) and a demand letter October 3, 2022 (Doc. 1-1), and so initiated an administrative claim in October 2022. On October 17, 2022, Randles initiated this action by filing a Complaint against the FBI citing 18 U.S.C. §§ 1510, 1512, and 1519 (obstruction of criminal investigations, tampering with a witness, victim or an informant, and destruction, alteration, or falsification of records in federal investigations and bankruptcy). (Doc. 1). On December 14, 2022, Randles filed an amended complaint against the United States citing the same statutes and the Federal Torts Claim Act (FTCA), 28 U.S.C. § 2674.  (Doc. 12). On February 27, 2023, the Court issued a Report & Recommendation finding that Randles failed to exhaust his administrative remedies under the

---

1 A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

FTCA, recommending his amended complaint be dismissed without prejudice. (Doc. 24). On April 5, 2023, Randles filed an Objection. (Doc. 29). On April 12, 2023, the Court -- after a *de novo* review given Randles' Objection -- adopted the Report & Recommendation and issued the Order and Judgment in this case. (Docs. 30, 31). On May 3, 2023, Randles filed a timely Motion to Amend the Judgment. (Doc. 32).

**II.     Discussion**

Decisions to amend a judgment are committed to the sound discretion of the trial court and reviewed for abuse of discretion. Barr v. Johnson, 777 Fed. Appx. 298, 301 (11th Cir. 2019). "Importantly, 'Rule 59(e) allows courts to alter judgments only where there is 'newly-discovered evidence or manifest errors of law or fact.'" Rogers v. Sheriff of Santa Rosa Cty., Fla., 2023 WL 2566087, *5 (11th Cir. Mar. 20, 2023) (internal citations and quotations omitted). As summarized in Fuller v. Tesemma, 2014 WL 1400367, *2 (S.D. Ala. Apr. 10, 2014) (footnotes omitted):

> A dissatisfied federal litigant is not entitled to reconsideration of anything and everything, merely because he disagrees with a court's ruling. To the contrary, "[t]he only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." *United States v. Marion,* 562 F.3d 1330, 1335 (11th Cir.2009) (citation and internal marks omitted); *see also Arthur v. King,* 500 F.3d 1335, 1343 (11th Cir.2007) (similar). To prevail on a Rule 59(e) motion, "[t]he losing party must do more than show that a grant of the motion might have been warranted; he must demonstrate a justification for relief so compelling that the district court was required to grant the motion." *Maradiaga v. United States,* 679 F.3d 1286, 1291 (11th Cir.2012) (citations and internal marks omitted)....
>
> Authority is legion for the proposition that motions to reconsider "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker,* 554 U.S. 471, 485 n. 5 ... (2008) (citation omitted).[] Rule 59(e) motions do not afford an unsuccessful litigant "two bites at the apple." *American Home Assur. Co. v. Glenn Estess & Associates, Inc.,* 763 F.2d 1237, 1239 (11th Cir.1985). Nor are such motions properly filed "as a kneejerk reaction by a dissatisfied federal court loser." *Lee v. Thomas,* 2012 WL 3137901, *2 (S.D.Ala. Aug. 1, 2012); *see also Thalassinos v. Adair,* 2013 WL 3231373, *2 (S.D. Ala. June 26, 2013) ("A Motion

2

> to Reconsider is not appropriately filed merely because a litigant does not agree with (or does not wish to abide by) the court's ruling."); *Hughes v. Stryker Sales Corp.,* 2010 WL 2608957, *2 (S.D. Ala. June 28, 2010) (rejecting notion that motions to reconsider "are appropriate whenever the losing party thinks the District Court got it wrong," but finding that they are instead "an extraordinary remedy" that must be "employed sparingly") (citations omitted).[] "They are neither appeal substitutes nor a 'dry run' to test arguments in anticipation of a forthcoming appeal." *Lee,* 2012 WL 3137901, at *2.

Moreover, a Rule 59(e) motion may not be used to "raise new arguments." Morton v. Astrue, 380 Fed. Appx. 892, 895 (11th Cir. 2010).

With his motion, Randles seeks to amend the April 12, 2023 Judgment pursuant to Fed.R.Civ.P. Rule 59(e) arguing that it "was made without considering the violations of Federal Rules of Civil Procedure, a manifest error of law, and facts." (Doc. 32 at 1). While Randles' motion is not a model of clarity and appears to allege a bevy of new constitutional claims (among other new contentions),[2] he does assert -- citing 28 U.S.C. § 2675(a) -- that his FTCA claim "has been denied due to no final disposition being made. Plaintiff has a right to exercise an action to be instituted upon his claim." From this, Randles argues the Judgment should be amended because there exists a manifest error of law or fact. (Doc. 32 at 7). Randles also submits a "second demand letter" (dated April 12, 2023) with his motion (Doc. 32-1). Overall, it appears that Randles believes that the Judgment should be amended because the passage of six (6) months while his case was pending in this Court cured any failure to exhaust his administrative remedies at the agency level.

Randles is mistaken. As set forth in the Report and Recommendation, Randles was required to submit his claim <u>first</u> to the agency <u>and</u> either: 1) procure a claim denial; or 2) wait 6 months <u>before</u> filing suit in this Court because that passage of time is "deemed a final denial" by the

---

2 Including asserting the United States violated a number of the Federal Rules of Civil Procedure.

3

agency. 28 U.S.C. § 2675(a).³ There is no evidence of a written denial sent by certified/registered mail, and six (6) months had not passed between the time Randles filed his October 2022 administrative claim and the date he initiated this action in this Court (it was instead a matter of days). And without 1) or 2), "[a]n action shall not be instituted upon a claim against the United States." 28 U.S.C. § 2675(a) (emphasis added).

Additionally, as explained in the Order adopting the Report & Recommendation, "[a]lthough six (6) months have passed since Plaintiff initiated his administrative claim in October 2022, the Court lacked jurisdiction at the time the Complaint was filed on October 17, 2022. See, e.g., McNeil v. U.S., 508 U.S. 106 (1993); Davis v. United States, 272 Fed. Appx. 863 (11th Cir. 2008)." (Doc. 30 at 1 at note 1). In otherwords, this Court lacked jurisdiction *at the time Randles filed his Complaint* because he was required to first submit his claim to the agency and then either be denied or wait six (6) months before initiating an action on that claim in this Court.⁴ Randles

---

3 Section 2675(a) provides: "An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim ... "

4 See, e.g., McNeil v. U.S., 508 U.S. 106 (1993) (when a suit is prematurely filed before the denial of an administrative claim, the complaint must be dismissed for failure to exhaust administrative remedies -- even when a denial occurs shortly after a complaint is filed and before substantial progress had occurred in the federal action); Davis v. United States, 272 Fed. Appx. 863, 866 (11th Cir. 2008) (when a plaintiff filed an administrative FTCA claim on April 14, 2006 and a complaint in federal court on May 5, 2006 while his claim was still pending, because the agency had not finally denied his claim at the time the he filed his federal action the district court did not err in dismissing the federal action for lack of subject matter jurisdiction, adding that dismissal was proper even though his claims were exhausted five (5) months after his federal action was filed); Turner ex rel. Turner v. United States, 514 F.3d 1194, 1200 (11th Cir. 2008) ("[b]efore instituting a federal suit, the claimant must wait either until the administrative agency finally denies the claim or until at least six months have passed after the claim was filed. 28 U.S.C. § 2675(a). Because '[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies,' the district court lacks subject matter jurisdiction over prematurely filed suits.

4

filed his complaint in this Court mere days after he initiated his administrative claim at the agency level, instead of waiting until a denial issued from the agency or the passage of six (6) months from the date he filed his administrative claim. This administrative claim requirement is a jurisdictional prerequisite that cannot be waived: "[o]nly those claims presented initially to the appropriate administrative agency are cognizable in a tort action against the United States. The claims procedure under 28 U.S.C. § 2675(a) is jurisdictional." Bush v. United States, 703 F.2d 491, 494 (11th Cir. 1983). Thus, Randles prematurely filed his Complaint in this Court because he failed to first exhaust his administrative remedies at the agency level. See, e.g., O'Brien v. United States, 137 Fed. Appx. 295, *301-302 (11th Cir. 2005) ("O'Brien prematurely filed his civil complaint under the FTCA and ... 'failed to heed that clear statutory command' requiring that his administrative remedies be exhausted before bringing suit ... O'Brien's complaint was filed prematurely, before administrative proceedings had concluded, and was not refiled within six months after his administrative claim had been denied ... the district court properly dismissed O'Brien's FTCA complaint for lack of subject matter jurisdiction[]"); Cheves v. Department of Veteran Affairs, 227 F.Supp.2d 1237, 1247 (M.D. Fla. 2002) (emphasis added) ("Plaintiffs may file a suit against the United States under the FTCA only after the federal agency has denied the claim[]"); Pace v. Platt, 2002 WL 32098709, *4-5 (N.D. Fla. Sept. 10, 2002) (internal citations omitted) ("[t]his exhaustion prerequisite to suit is a jurisdictional requirement that cannot be waived and Plaintiff must provide proof that he satisfied this requirement to institute suit against the United States[] .... Plaintiff's sole allegation .... is that 'Plaintiff has duly made demand upon

---

*McNeil v. United States*, 508 U.S. 106 ... (1993)[]"); Davis v. Marsh, 807 F.2d 908, 912 (11th Cir. 1987) (emphasis added) ("[o]nly those claims presented initially to the appropriate administrative agency are cognizable in a tort action against the United States[]").

the [IRS] and has received no response.' This allegation is insufficient to fulfill Plaintiffs' procedural prerequisite. Plaintiff does not allege that he instituted this action either six months after filing an administrative claim or after a formal denial of relief on his administrative claim[]").

Upon consideration, Randles' motion to amend the Judgment lacks merit. Randles' motion reflects a lack of understanding regarding the FTCA's statutory exhaustion of administrative remedies requirement, notably that it is a prerequisite before filing an action in federal court. Randles' motion simply disagrees with the Court's ruling and revisits arguments already litigated and raised previously. Randles' motion appears to endeavor to improperly raise new claims and arguments. Thus, Randles has failed to establish entitlement to Rule 59(e) relief because he has failed to demonstrate "manifest errors of law or fact" "so compelling that the district court [i]s required to grant the motion." As such, it is **ORDERED** that Randles' Motion to Amend the Judgment (Doc. 32) is **DENIED.**

**DONE** and **ORDERED** this the **22nd** day of **May 2023.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**